UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICHARD A. DAILEY, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Cause No. 1:10-cv-1121-WTL-MJD |
| | ) |
| MARK MCKINNEY, et al., | ) |
| | ) |
| Defendants. | ) |

## ENTRY ON MOTION TO DISMISS

Before the Court is the Defendants' Motion to Dismiss the Plaintiffs' Amended Complaint (Docket No. 18). This motion is fully briefed, and the Court, being duly advised, now **GRANTS** the Defendants' motion for the reasons set forth below.

## I. RULE 12(b)(6) STANDARD

In reviewing a motion to dismiss under Rule 12(b)(6), the Court must take the facts alleged in the complaint as true and draw all reasonable inferences in favor of the Plaintiffs. The complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), and there is no need for detailed factual allegations. However, the statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## II. BACKGROUND

Plaintiff Richard A. Dailey is a circuit court judge in Delaware County, Indiana. At all times relevant to this litigation, his wife, Plaintiff Nancy A. Dailey ("Nancy"), was a

Development Officer of the Youth Opportunity Center ("YOC"), also in Delaware County, Indiana. Beginning on January 1, 2007, Defendant Mark McKinney was the elected prosecutor for Delaware County. Prior to his election as prosecutor (i.e., from the mid-1990s until the end of 2006) McKinney handled civil drug forfeitures pursuant to IND. CODE 34-24-1-1. Defendant Ronald Henderson is a deputy prosecutor who serves under McKinney. Henderson also served as the Chief Administrative Deputy for the Delaware County Prosecutor's office.

In mid-2008, Judge Dailey began hearings into civil drug forfeitures undertaken while McKinney was the responsible attorney. Judge Dailey's findings included: (1) "the City accounts in which the proceeds from the civil drug forfeitures were deposited were not general fund accounts as required by law, but were accounts accessible by members of the City of Muncie/Delaware County Drug Task Force," Amend. Compl. ¶ 11; (2) McKinney represented himself as the attorney for the City of Muncie/Delaware County Drug Task Force; (3) there were "45 secret agreements entitled, 'Confidential Settlement Agreements' in which persons surrendered cash and property purportedly seized as part of [a] drug forfeiture to Mark McKinney and the [Drug Task Force]," these "Confidential Settlement Agreements" were never approved by, or filed with, a court as required by IND. CODE 34-24-1-4, Amend. Compl. ¶ 11; (4) "law enforcement costs were never detailed and forfeited assets were not apportioned . . . as authorized by statute," *id.*; and (5) after being elected prosecutor, McKinney continued to handle civil drug forfeitures as private counsel and received payment for his work in violation of IND. CODE 33-39-6-6(b)(2). Based on the foregoing, in August 2008, Judge Dailey concluded that "the manner in which Mark McKinney handled civil drug forfeitures **amounted to a fraud on the Court.**" Amend. Compl. ¶ 12.

After issuing his findings, Judge Dailey learned that the "Defendants entered into a conspiracy . . . to discredit, punish and extract retribution against him." *Id.* ¶ 13. Judge Dailey reported this information to the Indiana Supreme Court Disciplinary Commission on August 29, 2008. *Id.*

The situation further declined when Defendant Henderson publicly objected to Nancy's employment as a YOC development officer. Henderson threatened "to object to every proposed juvenile placement at the facility while [Nancy] was employed there." *Id.* ¶ 15. Henderson also made "unsettling comments to a legal secretary in the judicial corridors such as, 'I hope I don't kill anyone today,'" and drove his black Corvette "slowly past where [Nancy] was parked at the YOC." *Id.* In October 2008, Nancy resigned from the YOC. Henderson later bragged that he was the cause of Nancy's resignation.

In August 2008, Defendant McKinney told a Muncie newspaper that Judge Dailey's findings were "'a character assassination in the finest tradition of Delaware County politics and revenge and retribution for . . . my attempts to clean up the justice system herein [sic] Delaware County.'" *Id.* Amend. Compl. ¶ 15. Then, in December 2008, McKinney "told a Muncie newspaper, 'the investigation by Judge Richard A. Dailey into the Muncie-Delaware County Drug Task Force for which McKinney served as attorney, is politically motivated, a smear campaign by critics angered over his aggressive prosecution of them and their friends." *Id*.

Henderson and McKinney also "submitted extensive and numerous blogs to the Muncie Star/Press website accusing . . . Richard A. Dailey, of acts of malfeasance and various criminal activities." *Id.* ¶ 16. They also stated that they were "going to investigate whether Richard A. Dailey fraudulently transferred assets immediately preceding and shortly after completing a

federal bankruptcy case." *Id.* ¶ 15.

In January 2009, during a meeting with the Muncie Drug Task Force, McKinney referred to Judge Dailey as "'fucking crazy Dailey.'" *Id.* ¶ 17. A recording of McKinney's statement was later released to the press and published in the Muncie newspaper. Also in January 2009, Henderson, with McKinney's approval, "began a campaign to manufacture or concoct a criminal case against . . . Richard A. Dailey." *Id.* ¶ 18.

Judge Dailey later learned that in 2008, the Defendants had intimidated Judge Wayne Lennington into withdrawing from a reelection campaign and coerced him into backing Defendant Henderson for judge. According to Lennington, Henderson subsequently approached him and discussed making false accusations against Judge Dailey. Lennington also disclosed a conversation in which Henderson threatened Dailey. *Id.* ¶ 20.

Judge Dailey and his wife Nancy ultimately filed suit in Delaware Circuit Court alleging violations of the Fourth, Fifth, Eighth, and Fourteenth Amendments. The Defendants properly removed the case to this Court. In the Fall of 2010, the Plaintiffs voluntarily dismissed the State of Indiana and Delaware County as Defendants. Thus, the only remaining Defendants are Henderson and McKinney. They have now moved to dismiss the Plaintiffs' Amended Complaint pursuant to FED. R. CIV. P. 12(b)(6).

### III.  DISCUSSION

The Plaintiffs' claims for violation of their Fourth, Fifth, Eighth, and Fourteenth Amendment rights are all brought pursuant to 42 U.S.C. § 1983. In their motion to dismiss, the Defendants argue that the Plaintiffs have not pled facts to establish that any of these constitutional rights were violated. Accordingly, the Defendants claim that the Plaintiffs' case

4

should be dismissed.

Having viewed the facts alleged in the Plaintiffs' Amended Complaint as true, and having drawn all reasonable inferences in favor of the Plaintiffs, the Court concludes that the Plaintiffs have indeed failed to plead any facts supporting their § 1983 claims. Moreover, the Plaintiffs' response brief also fails to elucidate how the Defendants' conduct caused any violation of the Plaintiffs' constitutional rights. Although the Plaintiffs repeatedly state that they are "asserting claims for intimidation and retribution under color of law," Docket No. 25 at 5, they fail to explain how this intimidation or retribution deprived them of any of their constitutionally-protected rights. Accordingly, the Plaintiffs' § 1983 claims against the Defendants are **DISMISSED** and the Defendants' motion is **GRANTED** as to these claims.

Judge Dailey's § 1985 claim fares no better. In their response, the Plaintiffs repeatedly state that Judge Dailey's § 1985 suit is not brought under subsection three of that statute. *See* Docket No. 25 at 1 (stating "this is not . . . a § 1985(3) conspiracy case"); *id*. at 8 (stating that Judge Dailey sets for "a § 1985(1) and (2) conspiracy to intimidate, threaten or discredit" claim). Accordingly, the Court will only address subsections 1 and 2 of § 1985. To the extent the Plaintiffs' Amended Complaint could be construed as raising a § 1985(3) claim, the Defendants' motion to dismiss is **GRANTED**.

In order to bring suit under § 1985(1), a plaintiff must allege the existence of a conspiracy to prevent a public official from discharging his or her official duties. *See Hossman v. Blunk*, 784 F.2d 793, 797 (7th Cir. 1986). In *Kush v. Rutledge*, 460 U.S. 719, 724 (1983), the Supreme Court added an additional requirement to § 1985(1) when it stated that subsection 1 applies only to federal officers. The *Kush* decision dooms Judge Dailey's suit because it is

undisputed that Judge Dailey was a *state* officer. Because Judge Dailey was not a federal officer, his § 1985(1) suit fails as a matter of law.

Section 1985(2) provides a cause of action to an individual when two or more persons have conspired to deter the individual from attending or testifying in federal court or for the purpose of impeding, hindering, obstructing, or defeating the due course of justice with the intent to deprive the individual of equal protection of the laws. *See* 42 U.S.C. § 1985(2); *see also Copeland v. Northwestern Memorial Hospital*, 964 F.Supp. 1225, 1236 (N.D. Ill. 1997). Section 1985(2) has two components: (1) it proscribes conspiracies to interfere with litigation in federal courts and (2) it proscribes conspiracies to obstruct justice in state courts. *Kush*, 460 U.S. at 724-25. The *Kush* Court explained that although racial or class-based animus is not necessary to establish a cause of action for conspiracy to interfere with litigation in federal courts, racial or class-based animus *is* necessary to establish a cause of action for obstruction of justice in state courts. *See Kush*, 460 U.S. at 727. Here, as previously noted, all of Judge Dailey's allegations stem from backlash related to his role as a state court judge. Accordingly, the second portion of § 1985(2) applies. Because the Plaintiffs' Amended Complaint makes no allegation of racial or class-based animus, the Plaintiffs have failed to state a proper § 1985(2) claim. Accordingly, the Defendants' motion to dismiss the § 1985 claims is **GRANTED**.

## CONCLUSION

For the foregoing reasons, the Defendants' Motion to Dismiss (Docket No. 18) is **GRANTED**.

SO ORDERED: 02/24/2011

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

David A. Arthur
Indiana Office of the Attorney General
David.Arthur@atg.in.gov

Donald K. McClellan
McClellan & McClellan
gah241966@yahoo.com

Ronald J. Semler
Stephenson Morow & Semler
rsemler@stephlaw.com

James S. Stephenson
Stephenson Morow & Semler
jstephenson@stephlaw.com